FILED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN -8 P 4: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

RECEIPT #
AMOUNT $ 150.00
SUMMONS ISS. yes
LOCAL RULE 4.1
WAIVER OF SERV.
MCF ISSUED
AO 120 OR 121
BY DPTY CLK
DATE 7.04

CHESTER J. CHALUPOWSKI, Jr.
INDIVIDUALLY AND AS TRUSTEE
AND BENEFICIARY OF
THE CHALUPOWSKI FAMILY TRUST and
26-30 ANDREW STREET REALTY TRUST
& MALGORZTA B. NABIALCZYK
                    Plaintiffs

Civil Docket #

04 - 11277 GAO

Referred to CMJ

Vs.

JANIS M. BERRY, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS ASSOCIATE JUSTICE OF THE
APPEALS COURT OF MASSACHUSETTS,
                    Defendant

### VERIFIED COMPLAINT

#### JURISDICTIONAL BASIS

1. Plaintiff claims federal jurisdiction pursuant to

   Article III, paragraph 2, which extends the jurisdiction

   to cases arising under the U. S. Constitution.

2. Plaintiff brings this suit pursuant to Title 42 U.S.

   Code, paragraph 1983 for violations of certain

   protections guaranteed to him by the First, Fifth,

   Eight, and Fourteenth Amendments of the federal

   Constitution, by the Defendant under color of law in her

   capacity as a judge in the Appeals Court of

   Massachusetts.

## PARTIES

3. Plaintiffs, Chester J. Chalupowski, Jr. and Malgorzata B. Nabialczyk, MD, PhD, are natural persons residing at 119 Water Street, #65, in Beverly, Massachusetts.

4. Defendant, Janis M. Berry, is a Judge presiding at the Appeals Court of Massachusetts.

## STATEMENT OF CASE

5. On February 4, 2002, the Appeals Court (Berry, J.) issued a stay of execution of two Salem District Court summary process judgements entered in two eviction actions, despite the fact that: A. There was no valid appeal before the Appeals Court regarding the evictions from the Salem District Court. B. According to the St. 1996, Ch. 358, as amended by St. 2000, Ch. 142, summary process actions commenced in an Essex County District Court are appealable only to the Appellate Division of the District Court.

6. On February 19, 2002, Chester J. Chalupowski, (the Trustee of his family estate, and the plaintiff in the summary process actions) filed with the Appeals Court his opposition supported by numerous exhibits. In said opposition, Chester Chalupowski presented the background information concerning a 8-year-long (at the time)

2

underlying litigation instigated by his sister, Donna
Chalupowski, against every member of her immediate
family at Essex County trial courts (Superior, Probate,
and District). Furthermore, Chester pointed out the
procedural errors related to the mistaken interlocutory
ruling issued by the Appeals Court on February 4, 2002.

7. However, no action was taken by the Appeals Court during
the following three months. Therefore, on May 30, 2002,
Chester J. Chalupowski, Jr., filed his Emergency Motion
to Vacate Stay, again with numerous exhibits, including
notarized affidavits. In said Motion Chester Chalupowski
provided extensive documentation concerning consequences
and damages suffered by his mother's, Mary Jane
Chalupowski's, estate due to notorious violent,
antisocial behavior of his two mentally impaired
sisters. Donna Chalupowski and Judith Chalupowski-Venuto
occupy two rental units rent-free, while subletting, or
otherwise keeping hostage the entire two buildings (a
three-family and a four-family), which constitute the
trust property.

8. During two subsequent status conferences (on June 10,
2002, and July 23, 2002), apparently scheduled as a
result of Chester's Emergency Motion to Vacate Stay,
(amended on July 23, 2002), said motion was not ruled

upon, the issue of jurisdiction was never addressed, the
February 4, 2002 Order was upheld, and yet another
hearing was to be scheduled.

9. The presumed hearing on the merits never took place.
   Instead, on August 14, 2002, an order dated August 6,
   2002, was issued by the Appeals Court. Said order upheld
   the February 4, 2002 stay. Oddly, the conclusions of the
   Order were based solely on pleadings filed on behalf of
   Donna Chalupowski and Judith Chalupowski-Venuto. These
   pleadings contained misleading arguments, outright
   misrepresentations, and allegations without any record
   support. At the same time, the extensive documentation
   filed by Chester Chalupowski, was ignored in its
   entirety.

10. On December 4, 2002, Chester J. Chalupowski filed his
    Motion for Reconsideration of the Order. Chester's
    motion was denied on 17, 2003. On January 21, 2003,
    Chester Chalupowski filed his Notice of Appeal, and
    asked for a full panel review of the matter. On February
    3, 2003, the record was fully assembled and the appeal
    was docketed (03-P-205). On July 22, 2003, Chester
    Chalupowski filed pro se a conforming appellate brief.
    Said brief is currently under consideration of the full
    panel.

4

11. As a result of the stay of the Salem District Court

evictions issued by the Appeals Court, both Judith and

Donna continue to occupy the trust properties rent-free

while making it impossible to manage the property due to

their bizarre, violent, antisocial behavior.

Consequently the property produces no income, and as it

was stated in the pleadings filed by Chester Chalupowski

already in 2002, the estate is losing $300 a day, just

in unrealized rental income. Faced with the dire

financial condition of the property, in October 2002,

Plaintiff was forced to secure a home equity line.

Mindful of the restrictions imposed by the August 6,

2002, Appeals Court Order, Plaintiff did not exceed the

allowed amount of $75,000.00 in spending, despite the

fact that the amount available from the equity line was

higher.

12. In the meantime at the Probate Court level, out of six

cases filed by Donna Chalupowski against every member of

her immediate family, three were dismissed in 1996, and

three more were dismissed on December 14, 2001, leaving

only one case (00E-0127-GC1) pending.

13. Despite the fact that only one case was still pending,

the Probate Court clerks, as well as the attorneys

representing the two sisters, kept filing all their

pleadings under four docket numbers (one pending and three dismissed on December 14, 2001), thus creating a false impression of the labyrinthine complexity of the proceedings pending before the court.

14. In the course of said proceedings, the attorneys representing the sisters subpoenaed numerous documents and obtained bank records pertaining not only to the only pending case, but also to the cases dismissed in 2001, as well as extensive documentation regarding Chester's personal real property and financial holdings.

15. In the course of the multiple contentious, vexatious, confusing proceedings related to the only pending case combined with the three dismissed cases, Chester was ordered to hand over all of his family accounts, including his mother's personal checking account and all his own personal accounts, to a court-appointed receiver. When he opposed the order, on May 14, 2004, a capias for his arrest was issued and acted upon within an hour of its issuance.

16. On May 24, 2004, a trial commenced on four cases (one pending and three dismissed in December 2001) at the Essex Probate and Family Court in Salem. The entire court day of May 24, 2004, was spent on interrogation of Chester Chalupowski regarding the issues pertaining to

6

all four cases allegedly pending before the court (one
pending, and three dismissed in December 2001.)
Extensive testimony of Chester Chalupowski was taken,
including the issues of the home equity line, brought in
front of the Appeals Court on December 26, 2003, in a
Motion for Contempt alleging that obtaining said home
equity line was in violation of the August 6, 2002,
Appeals Court Order.

17. Despite the fact that Chester Chalupowski was already
interrogated regarding the issue of the equity line, and
the Probate Court Judge entered a specific finding on
the matter, the Motion for Contempt pending before the
Appeals Court was scheduled to be heard on June 10,
2004. Chester's motion to dismiss the contempt motion
pointing out that the matter would be retried for the
second time in a second forum was denied. Plaintiffs
believe that this denial raises a number of
constitutional and procedural issues.

18. Plaintiffs believe that a disturbing pattern of
Defendant's unfair, biased and/or prejudiced rulings,
which are either outside of her jurisdiction or
unconstitutional, is related to the fact that Plaintiffs
published on the Internet an extensive narrative
exposing the truth of the family's legal ordeal

7

(www.judicialaccountability.org). Plaintiffs believe

that actions of the Defendant are retaliatory in nature

and are designed to intimidate and discourage the

Plaintiffs from exercising their right to freely reveal

the truth of the family's agonizing experience and

express their opinions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court issue equitable

relief as follows:

1. Issue injunctive relief commanding Defendant to recuse

   herself from further hearing of this matter.

2. Issue declaratory relief as this Court deems appropriate

   and just.

3. Issue other relief as this Court deems proper and just.

4. Award Plaintiffs their costs of litigation.

Respectfully submitted,

Chester J. Chalupowski, Jr.
Malgorzata B. Nabialczyk, MD, PhD
119 Water Street, #65
Beverly, MA 01915
Ph/fax (978)921 4945

### STATEMENT OF VERIFICATION

We have read the above complaint and it is correct to the
best of our knowledge.

Malgorzata B. Nabialczyk                 Chester J. Chalupowski, Jr.

8

## CERTIFICATE OF SERVICE

I, Chester J. Chalupowski, Jr. hereby certify that on this day I served a true copy of the within Complaint on the Defendant by delivery to the Clerk's Office, Appeals Court, Three Center Plaza, 7th Floor, Boston, MA.

Chester J. Chalupowski, Jr.

Malgorzata B. Nabialczyk, MD, PhD