UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-11277-GAO

CHESTER J. CHALUPOWSKI, Jr., Individually and as Trustee and Beneficiary of the Chalupowski Family Trust and 26-30 Andrew Street Realty Trust, and MALGORZTA B. NABIALVZYK,

   Plaintiffs,
v.

JANIS M. BERRY, Individually and in her Capacity as Associate Justice of the Massachusetts Appeals Court,

   Defendant.



## JUSTICE BERRY'S MOTION TO DISMISS

This Court should reject the plaintiffs' attempt to control the outcome of pending litigation in the state courts by suing the presiding state-court judge and seeking to have this Court order her recusal from their cases, which comprise a long-running family dispute over a family real-estate trust *res*. To the extent claims are made against Justice Berry in her individual capacity, those claims are barred by Justice Berry's absolute immunity from suit. Moreover, the relief sought is beyond this Court's power to grant because of the federal Anti-Injunction Act; the principles announced in Younger v. Harris, 401 U.S. 37, and its progeny; and the Rooker-Feldman doctrine. For these reasons, the Complaint should be dismissed for lack of subject-matter jurisdiction in accordance with Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

## RELEVANT ALLEGATIONS OF THE COMPLAINT

The plaintiffs, Chester J. Chalupowski, Jr., Individually and as Trustee and Beneficiary of the Chalupowski Family Trust and 26-30 Andrew Street Realty Trust, and Malgorzta B. Nabialvzyk, ask this Court to order the recusal of the defendant, Massachusetts Appeals Court Associate Justice Janis M. Berry ("Justice Berry"), from various matters involving the plaintiffs pending before the Massachusetts Appeals Court. See Verified Complaint ("Complaint") at 8.

On February 4, 2002, in response to a motion brought by the sister of plaintiff Chester J. Chalupowski, Jr., Justice Berry ordered a stay pending appeal of a decision of the Massachusetts Probate and Family Court. Complaint ¶ 5; see also copy of Massachusetts Appeals Court docket in the matter of Donna Chalupowski v. Judith Chalupowski Venuto et al, Appeals Court 2002-J-0057, attached hereto as Exhibit A.[1] On or about July 18, 2002, the plaintiffs moved to vacate the stay pending appeal and moved that Justice Berry recuse herself from the matter. Justice Berry denied that portion of the motion seeking her recusal on July 23, 2002, and, on August 6, 2002, she issued a new order continuing the stay pending appeal with certain conditions. Id. Following denial of their motion to reconsider, the plaintiffs filed a notice of appeal to a panel of the Appeals Court. Complaint ¶ 10; Ex. A. That matter has been docketed and briefed in the Appeals Court and remains pending. Complaint ¶ 10; Ex. A.

---

[1] This Court may consider material outside the Complaint without converting this motion to dismiss into one for summary judgment, because the motion is filed under Rule 12(b)(1) for want of subject-matter jurisdiction, rather than under Rule 12(b)(6). See Land v. Dollar, 330 U.S. 731, 734 & n.4 (1947); Watros v. Greater Lynn Mental Health and Retardation Ass'n, Inc., 421 Mass. 106, 109, 653 N.E.2d 589, 591 (1995).

ARGUMENT

THE COMPLAINT SHOULD BE DISMISSED FOR
LACK OF SUBJECT-MATTER JURISDICTION.

A.   Justice Berry is Absolutely Immune from Suit.

Justice Berry is immune from suit and liability for any damages under well-settled principles of absolute judicial immunity. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (judicial immunity is an immunity from suit, not just from ultimate assessment of damages); Pierson v. Ray, 386 U.S. 549, 553-54 (1967) (judges are absolutely immune from claims based on their judicial decisions). A review of the Complaint demonstrates that the plaintiffs' allegations against Justice Berry are limited to her judicial orders. See Complaint, generally. The plaintiffs' bald allegations of bias and retaliation, see Complaint ¶ 18, are insufficient to overcome Justice Berry's immunity. See Pierson, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly."). Therefore, plaintiffs may not maintain this claim.

B.   This Court Should Abstain from Adjudicating the Plaintiffs'
     Complaint Out of Deference to the Massachusetts State Courts.

1.   Anti-Injunction Act

The federal Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C. § 2283; see Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252, 260-61 (1st Cir. 1993) (citing Anti-Injunction Act). The Anti-Injunction Act precludes both direct and indirect federal-court interference with ongoing state-court proceedings. See Casa Marie, 988

3

F.2d at 261 n.8 (citations omitted). Thus, the plaintiffs' attempts to influence the outcome of their Massachusetts Appeals Court case through the involvement of this Court is barred by the Anti-Injunction Act. Because plaintiffs do not allege that any exemption from the Anti-Injunction Act applies, their Complaint should be dismissed.

    2.    <u>Younger Abstention</u>

Dismissal by this Court is appropriate under the doctrine announced in <u>Younger v. Harris</u>, 401 U.S. 37, and subsequently expanded. Federalism concerns dictate that federal courts refrain from exercising their jurisdiction where to do so would result disrupt an ongoing state judicial proceeding that implicates important state interests. See <u>Bettencourt v. Board of Registration in Medicine</u>, 904 F.2d 772, 776-777 (1st Cir. 1990). The <u>Younger</u> doctrine, originally framed in the context of a state criminal prosecution, has been extended to protect civil and administrative state proceedings, even if those proceedings were not instituted by the state. See <u>Duty Free Shop, Inc. v. Administracion de Terrenos de Puerto Rico</u>, 889 F.2d 1181, 1182 (1st Cir. 1989); <u>South Boston Allied War Veterans Council v. Zobel</u>, 830 F. Supp. 643, 648 (D. Mass. 1993), <u>citing</u> <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 14 n.12 (1987). Where a state judicial proceeding will provide the federal plaintiff with a full opportunity to litigate federal claims, <u>Younger</u> abstention is appropriate. See <u>Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.</u>, 477 U.S. 619, 627 (1986); <u>Brotherhood of Locomotive Eng'rs v. Massachusetts Comm'n Against Discrimination</u>, 695 F. Supp. 1321, 1322 (D. Mass. 1988).

The elements of <u>Younger</u> abstention are met here. First, there is no question that state-court litigation is ongoing. The allegations of the Complaint clearly establish the pendency of several matters in the Appeals Court and in the trial courts relating to the maintenance and

4

disposition of family trusts. See Complaint, generally; Ex. A. Specifically, the plaintiffs allege that the orders of which they complain are currently on appeal to a three-judge panel of the Appeals Court. See Complaint ¶ 10; Ex. A. Second, the state's interest in orderly resolution of probate matters would be compromised--and no federal interest would be served--by this Court's adjudication of the plaintiffs' claims. Third, the plaintiffs have and will continue to have a full opportunity to raise their federal claims in the state-court proceeding. See Casa Marie, 988 F.2d at 262 (barring extraordinary circumstances, "a federal court must presume that state courts . . . are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties"); Brotherhood of Locomotive Eng'rs v. Massachusetts Comm'n Against Discrimination, 695 F. Supp. at 1323 ("[I]t cannot be doubted that the courts of the Commonwealth . . . will give federal constitutional issues . . . the closest scrutiny."). All three elements of Younger abstention are thus met in this case.

Even though Younger abstention is appropriate by reference to these three factors, this Court may still adjudicate plaintiffs' claims if the plaintiffs demonstrate "bad faith, harassment, or any other unusual circumstance" in the ongoing state-court case. Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 639 (1st Cir. 1996). No such circumstance has been demonstrated here. In order to warrant application of the "bias" exception to Younger, the plaintiffs would need to show (1) that they sought recusal in the state court; and (2) some evidence of jeopardy to their "due process rights to an impartial adjudication." Brooks, 80 F.3d at 640.

Although the plaintiffs meet the first requirement, they fail to meet the second. Their claims of bias are wholly conclusory and speculative, with no underlying facts alleged other that the plaintiffs disagree with Justice Berry's orders and that the content of the plaintiffs' website,

5

which has been critical of the Massachusetts courts, would be known to Justice Berry and would cause her to disfavor the plaintiffs. See Complaint ¶ 18; see also Memorandum and Order, Barbara C. Johnson v. Board of Bar Overseers et al, USDC No. 03-12314-WGY at 13, ___ F.Supp. ___, ___ (slip op. May 26, 2004) (copy attached as Exhibit B) (concluding that plaintiff's website documenting her "crusade for court reform," without more, is insufficient to demonstrate defendants' bias against her). "To implicate due process," the plaintiffs must show more specific bias, "such as a potential conflict of interest, or a pecuniary stake in the outcome of the litigation." Brooks, 80 F.3d at 640. The plaintiffs neither allege nor establish any of these facts. Therefore, the bias exception to Younger abstention should not be applied and the Complaint should be dismissed. See Gibson v. Berryhill, 411 U.S. 564, 577 (1973) (Younger contemplates outright dismissal).

3.  Rooker-Feldman

This Court should also dismiss the Complaint with prejudice because it lacks jurisdiction to sit in review of state-court orders. Under the Rooker-Feldman doctrine, "lower federal courts possess no power whatever to sit in direct review of state court decisions." Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 296 (1970); see Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This Court may not entertain "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see also Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990). Accordingly, this Court lacks jurisdiction over the plaintiffs' claims. The plaintiffs may not confer jurisdiction on this Court to review the Massachusetts decision "simply by casting [their]

6

claim in the form of a civil rights action." <u>Ritter v. Ross</u>, 992 F.2d 750, 754 (7th Cir. 1993) (citation omitted), <u>cert. denied</u>, 510 U.S. 1046 (1994). Because this Court may not review state-court decisions, it should dismiss the Complaint for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons stated above, this Court should dismiss the Complaint for lack of subject-matter jurisdiction in accordance with Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3).

<u>STATEMENT PURSUANT TO LR 7.1(A)(2)</u>
*The dispositive nature of this motion makes agreement of the parties unlikely. Therefore, the undersigned Assistant Attorney General respectfully requests dispensation from the ordinary duty to confer imposed by Local Rule 7.1(A)(2), to the extent that requirement extends to matters in which the non-moving party is not represented by counsel. See LR 7.1(A)(2) ("No motion shall be filed unless <u>counsel</u> certify that they have conferred . . .") (emphasis added).*

Respectfully submitted,

JANIS M. BERRY, Associate Justice of the
Massachusetts Appeals Court,
By her attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Juliana deHaan Rice, BBO 564918
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2062

Date: August 4, 2004

---

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 8/4/04.

_____