UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Docket: 04-11277-GAO

CHESTER J. CHALUPOWSKI, Jr. et al.
Plaintiffs

v.



JANIS M. BERRY, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS ASSOCIATE JUSTICE OF THE
APPEALS COURT OF MASSACHUSETTS
Defendant

### PLAINTIFFS' RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMOVE DAFAULT JUDGMENT

Now come Chester and Malgorzata Chalupowski, the Plaintiffs in the above captioned matter and responding to the Defendant's opposition to their motion to remove default state as follows:

1. Defendant's pleading filed in opposition to the Plaintiffs' motion to remove default does not rise to the level of an opposition to said motion. Defendant's pleading does not specify any reasons why Plaintiffs' motion to remove default judgment should not be allowed.

2. Defendant's pleading does not address any of the issues presented in the Plaintiffs' motion. Instead, Defendant resorts to arguing the merits of the case by directing the Court's attention to the Defendant's motion to dismiss allegedly filed on August 4, 2004.

3. Argument pertaining to the merits of the case is not the subject matter of the motion at hand.

4. While Plaintiffs wish to reserve their rights to argue the case on merits at the appropriate time, at this juncture, Plaintiffs want to address one procedural issue brought up in the Defendant's pleading dated August 4, 2004, in the <u>statement pursuant to LR 7.1 (A)(2)</u>. Plaintiffs question Defendant's assertion that *Local Rule 7.1 (a) (2)* does not apply when the non-moving party is acting pro se. The language of said rule states, "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Defendant claims that the word *"counsel"* used in this rule limits the rights of pro se litigants, and means that the Rule 7.1 (a) (2) does not apply when the non-moving party acts pro se. Pursuant to this false assumption, Defendant requested a *"dispensation from the ordinary duty to confer imposed by Local Rule 7.1*

(A) (2)." Plaintiffs respectfully oppose Defendant's request.

5. Plaintiffs wish to reiterate that they did not receive any of the Defendant's pleadings dated August 4, 2004, nor did they ever expect to receive any response from Defendant <u>before</u> September 9, 2004, when their complaint was in fact served.

6. The default judgment against the Plaintiffs dated September 10, 2004, was entered without any notice, whatsoever, to the Plaintiffs. According to the Fed. R. Civ. P., Rule 55 (b) (2), "If the party against whom judgment by default is sought has appeared in the action, the party […] shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

7. Plaintiffs received no notice of the hearing, which apparently took place on September 10, 2004. The Judgment dated September 10, 2004, states as follows: "This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered." Plaintiffs are not aware that the hearing referred to in the September 10, 2004 Judgment took place.

**REQUEST FOR ORAL ARGUMENT**

8. Considering the peculiar sequence of events pertaining to their complaint, Plaintiffs respectfully request that their motion to remove default judgment be set down for hearing at such time as this Honorable Court deems proper.

Respectfully submitted Pro Se

Chester J. Chalupowski, Jr.          Malgorzata B. Chalupowski
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945

Dated: January 18, 2005

**CERTIFICATE OF SERVICE**

We, Chester and Malgorzata Chalupowski, hereby certify that on this date a true copy of the foregoing document was served upon the attorney of record for the Defendant by first class mail, postage prepaid and by certified mail, returned receipt requested.

Chester J. Chalupowski, Jr.          Malgorzata B. Chalupowski

January 18, 2005

4